UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| KENNETH LEE TRAVIS, ) | |
| ) | |
| Petitioner, ) | Civil No. 0: 20-131-HRW |
| ) | |
| V. ) | |
| ) | |
| H. ALLEN BEARD, JR., Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Kenneth Lee Travis is a federal inmate currently confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Travis has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his petition, Travis contends that the Bureau of Prisons is violating the Eighth Amendment by: (1) transferring inmates into the prison who have tested positive for the COVID-19 virus; (2) not testing the inmate population for COVID-

1

19; (3) not providing inmates with additional hand sanitizer or disinfectant; and (4) not providing adequate care for his medical conditions. [D. E. No. 1 at 5] Travis states that he has exhausted his administrative remedies because he requested compassionate release in April 2020 and those requests were denied by the BOP. [D. E. No. 1 at 7] Travis filed three *pro se* motions for compassionate release in the court which imposed his sentence, but those requests were denied. *United States v. Travis*, No. 5: 09-CR-25-KDB-DCK-4 (W.D.N.C. 2009) [D. E. Nos. 325-336 therein]. Travis now asks this Court to reduce his sentence to time served or to release him to a halfway house or home confinement to serve the balance of his sentence. [D. E. No. 1 at 8]

The Court has thoroughly reviewed Travis's petition and the materials he has filed in support of it, but concludes that it must be dismissed because the claims he asserts are not properly pursued in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on

circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

Travis contends that the BOP has not taken adequate steps to control the transmission of the virus, such as by limiting or eliminating inmate transfers, testing all inmates for the virus, providing additional hand sanitizer and disinfectants to clean cells, and continuing to provide adequate medical care in all instances. However, dissatisfaction with the sufficiency of the BOP's response does not, without more, make such claims cognizable in habeas corpus. *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020); *Savage v. Warden of FCI Pekin*, No. 1:20-CV-1181, 2020 WL 4060768, at *3 (C.D. Ill. July 20, 2020). In addition, while Travis invokes the Court's habeas jurisdiction through § 2241, he seeks the same relief he sought without success through his motion to modify his sentence pursuant to 18 U.S.C. § 3582. Such relief – release to a halfway house or home confinement – is only available by motion made pursuant to 18 U.S.C. § 3582(c). *Wilson*, 961 F.3d at 844. He may therefore not pursue it via petition under Section 2241: "[a] district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by

Congress." *Hower v. Beard*, No. 0: 20-CV-074-JMH, 2020 WL 3472918, at *2 (E.D. Ky. June 25, 2020) (*quoting Wilson*, 961 F.3d at 838).

Where a prisoner attempts to assert conditions of confinement claims in a habeas corpus petition, the "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (*citing Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). The Court will therefore deny Travis's § 2241 petition. This denial does not affect or limit Travis's right to assert claims relating to the conditions of his confinement in a civil rights proceeding.

Accordingly, it is hereby **ORDERED** as follows:

1. Travis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This matter is **STRICKEN** from the docket.

This 5th day of November, 2020.

Signed By:

Henry R Wilhoit Jr.
United States District Judge